UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD ELEY and <br> CHARLOTTE RILEY, <br><br> Plaintiffs, <br><br> vs. <br><br> GLAXOSMITHKLINE, L.L.C., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:11-cv-745 SNLJ <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Plaintiffs Eley and Riley originally filed this products liability action regarding the defendant's drug Avandia in the Circuit Court for the City of St. Louis, Missouri. Plaintiff Eley is a citizen and resident of the State of Delaware. Plaintiff Riley is a citizen and resident of the State of Missouri. Defendant is a Delaware limited liability corporation. Defendant first removed the case to federal court on June 28, 2010 (No. 4:10cv1150 SNLJ), asserting diversity jurisdiction despite defendant and plaintiff Eley both being citizens of the same state (Delaware). This Court held that complete diversity did not exist and granted plaintiff's motion to remand.

Back in the St. Louis Circuit Court, the case then proceeded into discovery. In the course of that discovery, defendant states that it learned information that again caused defendant to remove this case to federal court on April 27, 2011. Defendant filed a Motion to Stay Pending Transfer to the Multidistrict Litigation regarding other Avandia claims (#9), and plaintiffs filed a Motion to Remand (#11). Responsive memoranda have been filed.

**I.     Factual Background**

Defendant GlaxoSmithKline ("GSK") develops, markets, and sells pharmaceuticals, including the diabetes drug Avandia. Prior to August 2007, plaintiffs Eley and Riley ingested

Avandia as prescribed by their respective physicians and allege that they have suffered injuries to their cardiovascular systems as a result.

In defendant's April 27, 2011 Notice of Removal, defendant asserts that its Notice was timely because it was within thirty days after GSK received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and not "more than 1 year after commencement of the action." 28 U.S.C. §1446(b). The plaintiffs filed their action on May 19, 2010. Defendant also asserts that it received "other paper" from plaintiffs that allowed GSK to ascertain that the case was removable on March 29, 2011.

Specifically, defendant states that on March 29, exactly 29 days before the Notice of Removal, plaintiff Eley filed a memorandum in state court that defendant says articulated for the first time that the "cardiovascular injury" he suffered as a result of ingesting Avandia was coronary artery disease ("CAD"), myocardial infarction ("MI"), and hyperlipidemia. Until that date, defendant says, plaintiff had not stated with specificity what injuries he had suffered from his ingestion of Avandia. Plaintiff's claims for his CAD, MI, and hyperlipidemia injuries, defendant says, are time-barred by Delaware's two-year statute of limitations, which defendant says began to run from the date Eley was put on notice of a potential tort claim against defendant. Defendant says Eley was on notice was no later than November 2007, when (1) the New England Journal of Medicine published an article in which the authors claimed that Avandia "was associated with a significant increase in the risk of myocardial infarction and with an increase in the risk of death from cardiovascular causes," and (2) the FDA issued a safety alert advising of "a potentially significant increase in the risk of heart attack and heart-related deaths in patients taking Avandia." Because the statute of limitations has run, defendant contends Eley's claims

are not viable, so his citizenship can be ignored in assessing whether there is diversity jurisdiction.

Plaintiff argues that remand is appropriate because (1) defendant did not remove the case within 30 days of receiving Eley's medical records and Plaintiff Fact Sheet ("PFS"), and (2) even if the case has been timely removed, plaintiff's claim is not barred by the statute of limitations. Because this Court holds that defendant did not timely remove this matter in accordance with 28 U.S.C. § 1446(b), the Court need not reach the statute of limitations question.

## II. Legal Standard

"District courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." 28 U.S.C. § 1332(a). The party seeking the federal forum, in this case defendant, has the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 997 (8th Cir. 1964); *see also Hall v. GlaxoSmithKline, LLC*, No. 4:11-cv-676 MLM, 2011 WL 1883584 (E.D. Mo. May 17, 2011). The Court is mindful that removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir.2002). The Court must resolve "all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). The court in *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.*, held in regard to diversity where there are multiple plaintiffs and/or defendants:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is

> diversity between all plaintiffs and all defendants. ... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403-404 (8th Cir. 1977) (internal citations omitted).

Removal from state court to federal court is governed by 28 U.S.C. § 1441. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court. "Where a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The time limits are mandatory and are strictly construed in favor of state court jurisdiction. *See McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo.1997). The Court must determine at what point the defendant could have "intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court." *Stewart v. Mayberry*, No. 4:09cv569 TCM, 2009 WL 1735773, at *2 (E.D.Mo. June 18, 2009) (quoting *Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1512 (S.D.Ala.1996)). "In determining whether the basis for removal was ascertainable, judges in the Eastern District of Missouri have examined whether the defendant had 'clues' regarding the existence of federal jurisdiction and whether he or she timely pursued those 'clues.' *Bachman v. A.G. Edwards, Inc.*, No. 4:09cv57 ERW, 2009 WL 2182345, at *3 (E.D. Mo., July 22, 2009) (citing *Stewart*, 2009 WL 1735773, at *3-*4 and *McHugh*, 953 F. Supp. at 300).

**III. Discussion**

Defendant contends that removal was timely because it did not know of the basis of plaintiff Eley's claim until March 29, 2011, when plaintiffs filed their Opposition to Defendant's Motion for Reconsideration in state court. Plaintiffs contend that defendant was given Eley's PFS and medical records on January 12, 2011; that the PFS and medical records set forth the information which defendant claims it did not receive until March 29, 2011; and that, therefore, defendant's removal in excess of thirty days from January 12, 2011, is untimely.

Plaintiffs have provided the Court with Eley's PFS and the first six pages of Eley's medical records. It is evident on its face that the PFS and medical records advised defendant of the information which defendant contends it did not have until March 29, 2011. Defendant states that plaintiff's stated claim for "cardiovascular injuries" was too vague to identify any Avandia-related injury, and that defendant needed to know what diagnoses plaintiff actually alleged were caused by Avandia. However, plaintiff's PFS makes clear that he suffered from an MI, and his medical records — in just the first few pages — identify that his cardiovascular problems were CAD, MI, and hyperlipidemia. Critically, those injuries are recognized Avandia-related injuries and are listed in the MDL Court's "Lone Pine" Order schedule of injuries. Surely, then, defendant had a "clue" as to the nature of plaintiff's claim, *see Bachman*, 2009 WL 2182345, at *3, because plaintiff's three cardiovascular diagnoses were among the injuries MDL plaintiffs had been claiming were caused by Avandia. In any case, the Court must resolve ambiguous factual allegations relevant to when defendant had knowledge that this matter was removable in favor of plaintiffs. *See Filla*, 336 F.3d at 811. As such, the court finds that Defendant has not met its burden to establish that it did not have knowledge that this matter was arguably removable until March 29, 2011. Under such circumstances, removal on April 27, 2011, was in

excess of the thirty day requirement of § 1446(b). The Court holds, therefore, that removal was untimely on that basis and that Plaintiffs' Motion to Remand should be granted. This Court's ruling is consistent with Magistrate Judge Medler's May 17, 2011 order in *Hall v. GlaxoSmithKline, LLC*, No. 4:11cv676, remanding that matter to the Circuit Court of St. Louis, and which involved facts and issues quite similar to those discussed here.

Because removal was untimely, the Court need not address Defendant's argument that this Court has diversity jurisdiction because Eley's claim is time-barred and, therefore, he is fraudulently joined.

In conclusion, the court finds that this matter should be remanded to the state court. Under such circumstances, the court finds that other pending motions are moot.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand (#11) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's motion for stay (#9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing on plaintiff's motion to remand (#30) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, be and is **REMANDED** to the Circuit Court for the City of St. Louis from which it was removed.

Dated this   15th   day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE